IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE HARRIS,

    Petitioner,                    No. CIV-S-04-2170 DFL KJM HC

  vs.

S. KERNAN, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his October 2002 denial of parole. Respondent has brought a motion to dismiss, alleging that the instant petition was filed outside the AEDPA statute of limitations. Respondent's motion is not well taken, for it is based on factual and legal errors.

I. The Statute Of Limitations

       One of the changes the AEDPA made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

When a habeas petitioner challenges an administrative decision such as the denial of parole, the underlying action is not final for purposes of the AEDPA statute of limitations until the denial of administrative review. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003); see also In re Dexter, 25 Cal.3d 921, 925 (1979) (state habeas petition challenging administrative determination not cognizable until the conclusion of administrative proceedings).

Moreover, once the statute begins to run, it is tolled during the pendency of any "properly filed" state collateral attack on the judgment. Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

II. Analysis

Respondent alleges that petitioner's challenge to the October 2000 denial of parole is untimely "by several years." Motion To Dismiss (MTD) at 2. The petition, however, challenges the Board's denial of petitioner's parole on October 9, 2002. Pet. at 8; MTD, Ex. F

2

(transcript of the parole hearing on October 9, 2002). Compounding this mistake with his apparent unfamiliarity with the Ninth Circuit authority cited above concerning the "finality" of parole decisions for statute of limitations purposes, respondent's counsel argues that the statute of limitations expired in October 2001, long before petitioner undertook his round of state habeas proceedings. MTD at 3.

As documents filed by respondent show, petitioner's administrative appeal was concluded on July 8, 2003. MTD, Ex. C (Board Of Prison Terms Decision On Appeal attached as Ex. A). Accordingly, the AEDPA statute of limitations began to run on July 9, 2003 and would have expired on July 8, 2004, absent any tolling. Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation of the time); Cal. Code Civ. Proc. § 12 (same). The instant petition was filed on August 3, 2004,[1] twenty-six days beyond the expiration of the limitations period.

However, petitioner filed a habeas petition in San Francisco County Superior Court, which was denied on September 23, 2003. Respondent has not provided a copy of the petition because he asserts that the order, which bears the number of petitioner's underlying criminal case, relates to an attack on the conviction rather than to the parole proceeding. MTD at 3. The state court's order clearly states, however, "petitioner complains that he is unlawfully detained because the parole board denied him parole based only on impermissible immutable factors." MTD, Ex. C (order attached as Ex. E). Petitioner asserts this state petition was filed September 11, 2003, Opp'n at 5, which would mean twelve days of time were tolled while it was pending. Respondent has presented nothing to support or undercut this claim.

Ultimately, it matters little when the superior court petition was filed. It is undisputed that, before the limitations period expired, petitioner pursued his remedies in the Court of Appeal and the state Supreme Court, beginning on February 2, 2004 and ending on May

---

[1] The petition originally was filed in the Northern District of California, and then transferred to this court.

3

1  12, 2004, when the Supreme Court denied review.  MTD at 3, Exs. B (Supreme Court denial) &

2  C (Court of Appeal petition).  These two petitions tolled the statute of limitations for a total of

3  one hundred days.  Thus, the federal petition was filed with at least seventy-four days to spare.[2]

4          IT IS HEREBY ORDERED that:

5          1.  The Clerk's Office is directed to serve a copy of these findings and

6  recommendations on Stephen R. Acquisto, listed on the motion as Supervising Deputy Attorney

7  General, and Frances T. Grunder, listed as Senior Assistant Attorney General, as well as on the

8  parties.

9          2.  If the District Court adopts these findings and recommendations, respondent is

10  directed to file his answer within sixty days of the district court's action.  The answer should

11  include copies of the transcripts and any other relevant documents from prior parole hearings to

12  facilitate resolution of petitioner's claim under Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

13          IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be

14  denied.

15          These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  /////

21  /////

22  /////

23

---

24    [2] This court is troubled by respondent's failure to reply to petitioner's opposition, or to
withdraw his motion, if he had no response to the factual and legal errors asserted by petitioner.
25  In the future, in order to facilitate efficient use of judicial resources, respondent's counsel is
admonished to notify the court promptly if errors in filings should be corrected or filings
26  withdrawn.

1 shall be served and filed within ten days after service of the objections. The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: June 21, 2005.

```
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
```

12  2/harr2170.157